RYAN, INCORPORATED, Plaintiff

v.

TAIPE VAKA and JIM BLANKENSHIP, Defendants

High Court of American Samoa
Trial Division

CA No. 61-86

July 21, 1987

Before KRUSE, Associate Justice, TAUANU'U, Chief
Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Aviata Fa'alevao
         For Defendants, Togiola T.A. Tulafono

        Plaintiff, a merchant, shipped on or about
November 21, 1983, to one Taipe Vaka in Nukualofa,
Tonga, goods invoiced at the value of $6,179.30.
He has not been paid for the same. Plaintiff has
attempted to collect from Vaka in Tonga, but has
been without success.

        Plaintiff has filed its complaint in American
Samoa against Vaka and, in addition, against
defendant Blankenship as an agent of Vaka. Vaka
has not been served process and accordingly is not
before the Court.

        Blankenship contests agency, and plaintiff at
trial moved to amend its complaint to the effect
that Blankenship was alternatively a guarantor of

the indebtedness. The Court grants the Motion.[1]
TCRCP Rule 15(b).

## FACTS

Gebauer (the President of plaintiff Ryan Inc., and hereafter collectively with his company referred to as "plaintiff") and Blankenship were at the outset very good friends. Theirs was obviously a friendship which permitted the sort of familiarity that breeds contempt, which when taken into the context of business tends to generate lawsuits and a falling out in friendships. Such was the case here.

Plaintiff at the time was just starting out in business as a purveyor of food products. Defendant, who was at the time established in the lumber and builder's supply business, allowed his friend Gebauer to operate provisionally out of his lumber yard at the Industrial Park. Things were fine until Mr. Vaka visits town. Vaka is taken to the lumber yard by a Tau Tafisi, another of defendant's friends who operated his business, in part, at defendant's premises.

Vaka, Tafisi and Defendant Blankenship meet on the possibility of doing business. Among other things, Vaka is interested in the importation of food products into Tonga, so Blankenship introduces Vaka to Gebauer. Gebauer does not know Vaka from a bar of soap and looks to the defendant for assurance of payment. Here the testimony conflicts.

Plaintiff testified that when he sought assurance from the defendant of payment, defendant advised him to ship the order and that he (the defendant) would stand good on payment.

---

1 The motion was made over the objection of counsel for defendant. At trial, the motion was taken under advisement and the Court directed counsel for briefing. To date the Court has yet to receive briefs, although the time limit set for such has lapsed. Viewing the merits of the motion, the Court is unable to conclude prejudice to the defendant by allowing the amendment, as no different factual allegations are entailed. Noting the liberality envisioned by the scope of the rules, the court allows the motion.

-32-

On the other hand, defendant takes the position that he never guaranteed the order. He was merely a conduit for introduction. Vaka was interested in food products and, as he did not deal in food lines, he introduced Vaka to plaintiff as one who dealt in food.

The Court finds that the evidence preponderates in favor of plaintiff's version. The documentary evidence received is corroborative. A delivery docket evidencing supply to a vessel at the docks designates defendant Blankenship as the source of the order. Also, plaintiff's invoice contains the same designation, as well as the transaction terms, namely "FOB --- Pago" and "Charge." Plaintiff testified that after he showed defendant proof of delivery, defendant signed the invoice.

Mr. Blankenship was not new to the world of business. His acknowledging the invoice and the terms therein contained point to circumstances--- a business context --- which place him beyond being a mere conduit.

## CONCLUSION

On the evidence before us it is the Court's conclusion that defendant was primarily instrumental in securing the supply of the order with assurances to plaintiff that the latter would be paid. Whether viewed as a product of agency or of surety, the defendant is liable to plaintiff.

Accordingly plaintiff shall have judgment against the defendant in the sum of $6,179.30 plus interest at the presumed rate as provided in A.S.C.A. § 1501, namely 6% per annum.

It is so ORDERED.